No. 957

First Circuit

— —

WATSON v. ST. HELENA PARISH
SCHOOL BOARD

———

(May 3, 1932.  Opinion and Decree.)

———

S. S. Reid, of Amite, attorney for plaintiff, appellant.

Robert T. Carter, of Greensburg, attorney for defendant, appellee.

ELLIOTT, J.  St. Helena parish school board employed Willie L. Watson, by written contract, to haul school children to and from the Oakland High School, "for the sum of $60.00 per month for a term of session months."  The contract bears no date, but it was signed in July, 1930, and we conclude from the statement of J. M. Breeden, superintendent, that it was probably about the middle of the month.

The plaintiff, Willie L. Watson, alleges that immediately upon signing the contract he purchased a motor omnibus and entered upon the performance of his duty hauling children to and from the school as provided for in the contract.  That after operating for 4 months and 13 days, and having been paid for only 2 months and 13 days, the school board having notified him that his services were no longer required and having refused to pay him the amount due him on said account, he was unable to continue.  That the school board dismissed him without cause.  That he is entitled to collect for 8 months and 13 days, the balance of the school session, in amount $360.

The school board for answer admits that it entered into a contract with the plaintiff, but denies that the period of employment was for the school term.  Admits that plaintiff operated an omnibus under the contract, as alleged, for a period of 2 months and 13 days, but avers that the

contract was terminated by agreement at the expiration of said time.

There was judgment rejecting plaintiff's demand. The plaintiff has appealed.

The defendant offered to show by parol evidence on the trial that the words "session months" in the contract meant, and that plaintiff so understood at the time of signing the contract, that the employment was only during a general tax session. The plaintiff objected, on the ground that such evidence was not admissible to vary, alter, or contradict the written contract. The objection was overruled. Plaintiff excepted, and urges that the court erred in his ruling.

Defendant school board avers in its answer that at the time of making such contract the revenues of said high school were limited and uncertain, and that it was mutually understood and agreed between the contracting parties that the said transfer was to stop and contract terminate when the general funds of said high school were expended. That with the above limited and uncertain funds in view, the word "session" was written into the contract, denoting the end of the general fund term or session and on the day the said contract was to be terminated, all of which was mutually agreed to. That when the entire general fund was expended there were no other funds to operate said transfers, no funds budgeted, and respondent could not operate said transfers on anticipated revenues in violation of law; therefore all transfer contracts were terminated in accordance with the stipulation therein written at the expiration of three months.

The term "session months," used in the contract, is a patent ambiguity, requiring explanation. Defendant's averments on the subject were sufficient to authorize the admission of parol evidence to explain the meaning of the term used. The plaintiff's objection was properly overruled. Catherine Mfg. Co. v. Pointe Coupee Trust & Savings Bank, 160 La. 963, 107 So. 711.

The evidence introduced to explain the matter shows that the parties used a printed form for their contract, and that, as printed, it contained a number of blank spaces left to be filled in. In this contract, after the words "per month for a term of," there was left in the printed form a blank space in which ordinarily would have been inserted a figure which would have indicated the number of months that would have constituted the length of the term, but, when it came to sign this contract, the number of months which the children could be transported being uncertain for lack of funds available for the purpose, the word "session" was written in the blank, which made the contract read "* * * for the sum of $60.00 per month for a term of session months," the words "session months" meaning that the contract for transportation was terminated at the expiration of the time during which there were funds available for the purpose of paying for the transportation. The evidence fixed the terminating period at 2 months and 13 days from the time the contract was signed, and for which the plaintiff admits that he was paid.

The testimony of the plaintiff on the subject, although, when taken as a whole, is in line with the averment of his petition, it is nevertheless somewhat qualified by an admission that:

"There was some question as to how long the school would run, so instead of inserting nine before the number of months in the contract, the word session was inserted. This was understood by me to mean the

whole session of the school, without any mention being made of the general tax session and the special tax session, and I knew nothing of this."

The evidence shows that the school ran for a period of 9 months, but the transportation of the children to and from the school was only contracted for a period of 2 months and 13 days, after which the school board left the matter to the parents of the children. The parents paid, else the children walked, and as to which time the school board was not liable. The evidence shows that at the expiration of 2 months and 13 days the school board was not liable for any further transportation. Mr. Breeden, superintendent, testifies that plaintiff understood the contract perfectly well.

It is shown that there were a number of omnibuses engaged in transporting children to and from the school, and that they all understood the matter perfectly well and stopped at the expiration of 2 months and 13 days. The evidence justifies the conclusion that plaintiff must have understood that he had no contract with the school board 2 months and 13 days after the contract in question was signed.

The judgment rejecting plaintiff's demand on the ground above mentioned was correct. The school board urges another defense based on the minority of the plaintiff at the time the contract was signed and terminated. We do not act on that defense. It is not necessary.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.